USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
FILED: 5/4/2022

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    - against -

PUNEET DIKSHIT,

            *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No. 21 CR 760 (CM)

MEMO ENDORSED

## DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

Defendant, Puneet Dikshit, pro se, respectfully moves this court under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend its judgment entered on April 6th 2022. (Docket 39 and 40).

Circuit courts, including the Second Circuit, have held that motions for reconsideration may be filed in criminal cases. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); United States v. Martin, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); United States v. Mendez, 2008 WL 2561962, at *1 (C.D. Cal. June 25, 2008).

In support of this motion, the Defendant relies on the accompanying Memorandum.

As explained in the accompanying Memorandum, the Court's decision did not fully recognize and consider the materially outsized time of incarceration the Defendant faces due to him being a noncitizen, when compared to similarly situated citizen defendants. For this reason, the Defendant respectfully requests that this motion be granted, and the Court reconsider the term of sentence imposed.

RESPECTFULLY SUBMITTED,

Puneet Dikshit
--------------
Puneet Dikshit

300 E 56th St, Apt 30J, New York, 10022
+16465049419
dpuneet@umich.edu

*[handwritten annotations:]*

5/4/2022

(1) Defendant's pro se motion filed pursuant to Rule 59(e) of the FRCP is hereby stricken. Rule 59(e) is Not an allowable vehicle for challenging a criminal Judgment.

(2) Even if Rule 59 were a proper vehicle, the motion would be denied. The Court absolutely considered defendant's immigration status in fashioning defendant's sentence.

(3) Defendant has filed an appeal which divests this Court of jurisdiction over defendant's case.

**Preliminary Statement:**

The defendant was sentenced to 24 months in BOP custody. Given his status as a non-citizen, the defendant is ineligible for early release programs under the First Step Act. Additionally, upon release from prison, the defendant faces additional ICE Detention.

While the Court graciously did consider the defendant's citizenship status as a factor influencing the sentence, we humbly submit that the court hasn't fully recognized and addressed the significantly harsher punishment that the Defendant faces compared to a similarly situated citizen defendant.

**Materially disproportionate impact of sentencing for Defendant vs. similarly situated U.S. Citizens**

After the rollout of the First Step Act, prisoners sentenced for "white collar" crimes including insider trading are spending between 35-40% of their sentence in prison. As an example, in *United States v. Carton,* a case that this court is well-aware of, Your Honor issued a sentence of 42 months. While the sentence itself was 40% below the lower end of Mr. Carton's recommended guideline range of 70 months, Mr. Carton served only 14 months in a federal prison as he took advantage of early release programs. His release pre-dated any early releases granted through the CARES Act.

Given the First Step Act, the disparity in time served by a citizen compared to a non-citizen has increased significantly. This results in a much harsher punishment for Mr. Dikshit, simply due to his citizenship status. The First Step Act would have allowed a similarly situated U.S. Citizen to serve only between 8-12 months in prison for the same 24-month sentence, in better conditions (minimum security camps), and without subsequent ICE detention.

Infact, if Mr. Dikshit would have been a U.S. Citizen, even a sentence at the top end of the guideline range (30-37 months) would have resulted in 12-17 months in actual prison time due to early release programs First Step Act. However, Mr. Dikshit now faces at least 21 months in prison, followed by ICE detention.

To illustrate how much harsher the sentence faced by Mr. Dikshit is, the court needs to consider that similarly situated defendants (who are citizens) sentenced up to 50 months will spend less time in prison compared to Mr. Dikshit, not including ICE detention.

To further illustrate the harshness and disparity of Mr. Dikshit's sentence, in *U.S. v. Blakstad,* Mr. Blakstad operated a multi-tiered insider trading scheme over two years and conducted other securities fraud, generating profits exceeding $6MM. He was found guilty on 7 counts and sentenced to 36 months, compared to the guideline range of 135-168 months and the prosecution's recommendation of a 120-month sentence. For this 36-month sentence, Mr. Blakstad, given his citizenship status, will spend lesser time in prison compared to Mr. Dikshit, despite much more severe conduct and a longer sentence.

Mr. Dikshit has been given the same sentence that was meted out to in *U.S. vs. Gupta,* a case cited frequently by the government. Mr. Rajay Gupta's guideline range was 78 months, and he never accepted responsibility or expressed remorse.

Infact, not a single defendant convicted of insider trading in the second circuit has got a sentence as harsh (as a percent of guideline range) as Mr. Dikshit since 2018.

**Courts have been more considerate of harsher conditions faced by non-citizens**

This court and Your Honor have been considerate about these unusually harsher conditions faced by non-citizens when granting sentences, even when conduct is much more severe than Mr. Dikshit's.

In *U.S. vs. Cohen*, Judge Pauley sentenced Mr. Cohen, a non-Citizen, to 12 months of Home Confinement and 1500 hours of community service. Mr. Cohen was a Vice President at Goldman Sachs and had shared tips in exchange of cash with other defendants for over a period of two years, generating over $1MM in illicit gains for the scheme participants.

The consideration given by courts to non-citizens for the harsher conditions and the ineligibility for early release programs is apparent in the sentences given. To illustrate, from 2015-2021, the average and median length of imprisonment for Criminal History Category I defendants, sentenced for insider trading, (USSC Guideline for 2B1.4), is[1]
- o   14 and 12 months respectively across all defendants
- o   7 and 4 months respectively for non-citizen defendants
- o   6 and 2 months respectively for non-citizen defendants where guideline range was in Zone D (harsher sentences)

**Request for reconsideration**

Mr. Dikshit is, and will always continue to be, highly remorseful and accepts full responsibility for his actions. He also understands the court's stance on setting general deterrence. However, given the facts listed above, this sentence is clearly harsher than necessary and disproportionate based on any comparable metric. Given this, the defendant requests that the court consider this motion for a lower sentence that brings the time served in line with what U.S. citizens face, and not indirectly and unintentionally penalize Mr. Dikshit based on his citizenship status.

Mr. Dikshit can submit additional arguments and facts supporting the request made above if the court so desires.

---

[1] Source of sentencing statistics is the interactive Dashboard from the U.S. Sentencing Commission (https://ida.ussc.gov/analytics/saw.dll?Dashboard)