UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

       v.

Puneet Dikshit,

          *Defendant.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/22

21 Cr. 760 (CM)

## Attorney-Client Privilege Waiver (Informed Consent)

To:   Puneet Dikshit

You have made a motion to have your conviction set aside on the ground that you received ineffective assistance from your former lawyers, Michael Martinez and Steven Sparling, Esq. (referred to in this form as "your former attorney"). The Court has reviewed your papers and construes your motion to be a motion under Section 2255 of Title 28, United States Code. The Court has further determined that the motion needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.

## NOTARIZED AUTHORIZATION

I have read the Court's Order dated 08/16/2022 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Michael Martinez and Steven Sparling, Esqs., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: 08/16/2022

Sworn to before me this 16 day of AUGOST, 2022

Notary Public

SENAYDA CIOMARA SCHELLENGER
NOTARY PUBLIC
FORSYTH COUNTY, GEORGIA
My Comm Expires March 22, 2026.

2

**Attorney-Client Privilege Waiver (Informed Consent)**