

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 26, 2023

BY CM/ECF

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    United States v. Puneet Dikshit
                21 Cr. 760 (CM)
                23 Civ. 3445 (CM)

Dear Judge McMahon:

        On March 17, 2023, Dikshit filed a *pro se* motion with the U.S. Court of Appeals for the Second Circuit to file a second or successive habeas petition, in which he claimed that there was "a patent and undisclosed conflict of interest between my law firm and [the] prosecutor as the lead partner of the law firm representing me is the father of the lead prosecutor," which purportedly "gave the lead prosecutor privileged access and influence over the law firm representing the petitioner."[1] (Dkt. 53). On April 17, 2023, the Second Circuit issued an Order concluding that this petition was not successive and transferred the petition to the District Court for consideration as an initial petition. (*Id.*). On May 30, 2023, Dikshit filed an addendum to his petition. (Dkt. 56). For the reasons that follow, although this petition is wholly without merit and could be denied on the present record, the Government respectfully submits that the Court should enter the attached order expanding the record before it denies the petition.

        In his petition, Dikshit claims that there is "newly discovered" evidence that entitles him to collateral relief: Assistant U.S. Attorney Joshua Naftalis's father is Gary Naftalis, a partner at Kramer Levin Naftalis & Frankel LLP, which represented Dikshit in this matter.[2] The defendant alleges that Michael Martinez and Stephen Sparling, Esqs., his then-counsel at Kramer Levin, did

---

[1] On October 20, 2022, the Court denied the defendant's first 28 U.S.C. § 2255 petition, which was styled as a motion to "withdraw or otherwise set aside and vacate" his guilty plea "due to ineffective assistance of counsel" because his defense counsel allegedly "fail[ed] to inform defendant about the mandatory deportation he faced upon pleading guilty." *United States* v. *Dikshit*, No. 21 Cr. 760 (CM), 2022 WL 13835072 (S.D.N.Y. Oct. 20, 2022). The Court also denied a certificate of appealability.

[2] Dikshit does not allege, nor could he, that the AUSA's father had any involvement in this matter.

not inform him of this fact and that he first discovered it "a few days before he reported to prison" in October 2022. Dikshit further argues that this purported conflict of interest "resulted in adverse actions by his lawyers"—a series of strategic decisions that the defendant now second guesses and attributes to some vague desire on the part of his attorneys not "to push back" on the arguments of the prosecutor because of some, again vague and unspecified, interest the attorneys had resulting from the fact that the prosecutor's father is a partner at their firm. (Dkt. 53, 56). It is difficult not to observe some irony in a motion arguing that, due to the purported failure to adequately convey to the Court the defendant's desire to accept responsibility for his actions, the defendant should now escape responsibility for his actions. The defendant's claim is implausible on its face.

The defendant's claim that he was unaware until only recently that Gary Naftalis was a partner in the firm Kramer Levin Naftalis & Frankel because the firm often is referred to as "Kramer Levin" (Dkt. 53, at 17) lacks indicia of credibility. In fact, as referenced in the Complaint (Dkt. 1 ¶ 15(cc)) and the Presentence Investigation Report (PSR ¶ 56), the defendant's own internet search history suggests that no later than October 7, 2021, he learned that Gary Naftalis was a partner at Kramer Levin. Dikshit ran the following Google search: "rajat gupta lawyer." Dikshit then navigated to the Kramer Levin webpage where he read an article titled, "Supreme Court Denies Review in Case Against Kramer Levin Client Rajat Gupta, Ending Securities Law Action," which was co-authored by Gary Naftalis. *See* https://www.kramerlevin.com/en/perspectives-search/supreme-court-denies-review-in-case-against-kramer-levin-client-rajat-gupta-ending-securities-law-action.html. Dikshit also ran the following Google search: "law firm representing rajat gupta." Dikshit again navigated to the Kramer Levin website where he read an article titled, "Naftalis Win for Rajat Gupta Profiled in Am Law Litigation Daily." *See* https://www.kramerlevin.com/en/perspectives-search/naftalis-win-for-rajat-gupta-profiled-in-am-law-litigation-daily.html. And Dikshit reviewed various sections of the Kramer Levin website, including information about its white-collar practice and significant matters. Moreover, the Government understands, based on communications with the defendant's then-attorneys shortly after the defendant's arrest, that then-defense counsel had discussed or would discuss with the defendant the fact that the AUSA's father was a partner at Kramer Levin.

Moreover, as is apparent from his own submission, the defendant was present for and an active participant in the strategic decisions that he now claims were influenced by a desire on the part of his lawyers "to protect . . . the privileged relationship they had with the prosecutor." (Dkt. 56, at 3). The defendant primarily complains that his attorneys did not argue that the defendant had considered disclosing his unlawful conduct prior to arrest. In addition to the fact that the purported failure to make this argument was wholly immaterial, as it had no impact on his ultimate sentence, the defendant's identification of this claimed failure now as a result of a conflict of interest makes clear that this motion is hollow. The record reflects that the defendant was present for his own sentencing when his attorneys argued on his behalf and was given his own opportunity to speak as well. The notion that his attorneys chose not to emphasize this fact (of which the Government was not aware) to somehow please the prosecutor, and indeed believed it was in their interest do so despite the risk to the law firm of betraying a client in this manner, is inconsistent with common sense and not to be credited.

Page 3

   Nonetheless, however implausible, the accusations that the defendant makes against his former attorneys are serious. Therefore, to ensure that the record is fully developed, the Government respectfully submits that it is appropriate for defense counsel to be permitted to file factual affidavits, as they did in connection with the defendant's first habeas petition. (*See* Dkt. 36 (summarizing applicable law, including this Court's framework)). The Government thus respectfully requests that the Court enter the proposed order submitted herewith, and that the Government's opposition papers be due 60 days from the Court's receipt of the informed consent form executed by the defendant.

             Respectfully submitted,

             DAMIAN WILLIAMS
             United States Attorney

        By:  *s/*
             Joshua A. Naftalis
             Matthew Podolsky
             Assistant United States Attorneys
             (212) 637-2310 / 1947

Enclosures

cc.:  Puneet Dikshit *pro se* (by e-mail)