Case 1:21-cr-00760-CM Document 58-1 Filed 06/26/23 Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Puneet Dikshit,
               *Defendant.*

21 Cr. 760 (CM)

### Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS Petitioner Puneet Dikshit has moved for relief from his conviction, pursuant to 28 U.S.C. § 2255, on the ground that his counsel had an undisclosed conflict of interest; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former trial counsel, Michael Martinez and Steven Sparling, Esqs. ("Counsel"), will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of an undisclosed conflict of interest made by movant; and it is further



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/23

ORDERED that Petitioner Puneet Dikshit execute and return to this court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 60 days from today's date, the Court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Dated: New York, New York
~~June~~ __, 2023
July 13, 2023

_____
HON. COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Puneet Dikshit,<br>            *Defendant.* | 21 Cr. 760 (CM) |

## Attorney-Client Privilege Waiver (Informed Consent)

To:    Puneet Dikshit

You have made a motion, under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that your former lawyers, Michael Martinez and Steven Sparling, Esq. (referred to in this form as "your former attorney") had an undisclosed conflict of interest. The Court has determined that the motion needs to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of an undisclosed conflict of interest, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that your counsel had an undisclosed conflict of interest, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations that your former attorney had an undisclosed conflict of interest that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the court will deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former lawyer to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____, 20\_\_ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Michael Martinez and Steven Sparling, Esqs., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground that they had an undisclosed conflict of interest. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of an undisclosed conflict of interest that are raised by my motion.

Dated: _____

_____

Sworn to before me this \_\_\_\_\_ day of _____, 20\_\_\_

_____
Notary Public

2

**Attorney-Client Privilege Waiver (Informed Consent)**

# AMERICAN BAR ASSOCIATION
STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY

**Formal Opinion 10-456**                                                                                                                           **July 14, 2010**
**Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim**

*Although an ineffective assistance of counsel claim ordinarily waives the attorney-client privilege with regard to some otherwise privileged information, that information still is protected by Model Rule 1.6(a) unless the defendant gives informed consent to its disclosure or an exception to the confidentiality rule applies. Under Rule 1.6(b)(5), a lawyer may disclose information protected by the rule only if the lawyer "reasonably believes [it is] necessary" to do so in the lawyer's self-defense. The lawyer may have a reasonable need to disclose relevant client information in a judicial proceeding to prevent harm to the lawyer that may result from a finding of ineffective assistance of counsel. However, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.*

      This opinion addresses whether a criminal defense lawyer whose former client claims that the lawyer provided constitutionally ineffective assistance of counsel may, without the former client's informed consent, disclose confidential information to government lawyers prior to any proceeding on the defendant's claim in order to help the prosecution establish that the lawyer's representation was competent.[1] This question may arise, for example, because a prosecutor or other government lawyer defending the former client's ineffective assistance claim seeks the trial lawyer's file or an informal interview to respond to the convicted defendant's claim, or to prepare for a hearing on the claim.

      Under *Strickland v. Washington*,[2] a convicted defendant seeking relief (e.g., a new trial or sentencing) based on a lawyer's failure to provide constitutionally effective representation, must establish both that the representation "fell below an objective standard of reasonableness" and that the defendant thereby was prejudiced, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[3] Claims of ineffective assistance of counsel often are dismissed without taking evidence due to insufficient factual allegations or other procedural deficiencies. Numerous claims also are dismissed without a determination regarding the reasonableness of the trial lawyer's representation based on the defendant's failure to show prejudice. The Supreme Court recently expressed confidence "that lower courts – now quite experienced with applying *Strickland* – can effectively and efficiently use its framework to separate specious claims from those with substantial merit."[4] Although it is highly unusual for a trial lawyer accused of providing ineffective representation to assist the prosecution in advance of testifying or otherwise submitting evidence in a judicial proceeding, sometimes trial lawyers have done so,[5] and commentators have expressed concerns about the practice.[6]

      In general, a lawyer must maintain the confidentiality of information protected by Rule 1.6 for former clients as well as current clients and may not disclose protected information unless the client or former client gives informed consent. *See* Rules 1.6 & 1.9(c). The confidentiality rule "applies not only to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source."[7]

---

[1] This opinion is based on the ABA Model Rules of Professional Conduct as amended by the ABA House of Delegates through August 2010. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in individual jurisdictions are controlling.
[2] 466 U S 668 (1984).
[3] *Id.* at 694
[4] Padilla v. Kentucky, __ U S __, 130 S. Ct. 1473, 1485 (2010).
[5] *See, e.g.*, Purkey v. United States, 2009 WL 3160774 (W.D. Mo Sept. 29, 2009), *motion to amend denied*, 2009 WL 5176598 (Dec. 22, 2009) (lawyer represented criminal defendant at trial and on appeal voluntarily filed 117-page affidavit extensively refuting former client's ineffective assistance of counsel claim), State v Binney, 683 S.E.2d 478 (S C. 2009) (defendant's trial counsel met with law enforcement authorities and provided his case file to them in response to defendant's ineffective assistance of counsel claim).
[6] *See, e.g.*, Lawrence J. Fox, *Making the Last Chance Meaningful: Predecessor Counsel's Ethical Duty to the Capital Defendant*, 31 HOFSTRA L. REV. 1181, 1186-88 (2003), David M. Siegel, *The Role of Trial Counsel in Ineffective Assistance of Counsel Claims Three Questions to Keep in Mind*, CHAMPION, Feb 2009, at 14.
[7] Rule 1.6 cmt. 3 *See, e.g.*, Perez v. Kirk & Carrigan, 822 S W 2d 261 (Tex. App. 1991) (law firm breached its fiduciary duty when,

**10-456 Formal Opinion**     2

Ordinarily, if a lawyer is called as a witness in a deposition, a hearing, or other formal judicial proceeding, the lawyer may disclose information protected by Rule 1.6(a) only if the court requires the lawyer to do so after adjudicating any claims of privilege or other objections raised by the client or former client. Indeed, lawyers themselves must raise good-faith claims unless the current or former client directs otherwise.[8] Outside judicial proceedings, the confidentiality duty is even more stringent. Even if information clearly is not privileged and the lawyer could therefore be compelled to disclose it in legal proceedings, it does not follow that the lawyer may disclose it voluntarily. In general, the lawyer may not voluntarily disclose any information, even non-privileged information, relating to the defendant's representation without the defendant's informed consent.

Accordingly, unless there is an applicable exception to Rule 1.6, a criminal defense lawyer required to give evidence at a deposition, hearing, or other formal proceeding regarding the defendant's ineffective assistance claim must invoke the attorney-client privilege and interpose any other objections if there are nonfrivolous grounds on which to do so. The criminal defendant may be able to make nonfrivolous objections to the trial lawyer's disclosures even though the ineffective assistance of counsel claim ordinarily waives the attorney-client privilege and work product protection with regard to otherwise privileged communications and protected work product relevant to the claim.[9] For example, the criminal defendant may be able to object based on relevance or maintain that the attorney-client privilege waiver was not broad enough to cover the information sought. If the court rules that the information sought is relevant and not privileged or otherwise protected, the lawyer must provide it or seek appellate review.

Even if information sought by the prosecution is relevant and not privileged, it does not follow that trial counsel may disclose such information outside the context of a formal proceeding, thereby eliminating the former client's opportunity to object and obtain a judicial ruling. Absent a relevant exception, a lawyer may disclose client information protected by Rule 1.6 only with the client's "informed consent." Such consent "denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." Rules 1.0(e) & 1.6(a). A client's express or implied waiver of the attorney-client privilege has the legal effect of forgoing the right to bar disclosure of the client's prior confidential communications in a judicial or similar proceeding. Standing alone, however, it does not constitute "informed consent" to the lawyer's voluntary disclosure of client information outside such a proceeding.[10] A client might agree that the former lawyer may testify in an adjudicative proceeding to the

---

under threat of subpoena, it disclosed former client's statement to prosecutor without former client's consent; court stated that "[d]isclosure of confidential communications by an attorney, whether privileged or not under the rules of evidence, is generally prohibited by the disciplinary rules," *id.* at 265 n.5)

[8] "Absent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the information sought [in a judicial or other proceeding] is protected against disclosure by the attorney-client privilege or other applicable law." Rule 1.6, cmt. 13. The lawyer's obligation to protect the attorney-client privilege ordinarily applies when the lawyer is called to testify or provide documents regarding a former client no less than a current client. *See, e.g.*, ABA Comm. on Eth and Prof'l Responsibility, Formal Op 94-385 (1994) (Subpoenas of a Lawyer's Files) ("If a governmental agency, or any other entity or person, subpoenas, or obtains a court order for, a lawyer's files and records relating to the lawyer's representation of a current or former client, the lawyer has a professional responsibility to seek to limit the subpoena or court order on any legitimate available grounds so as to protect documents that are deemed to be confidential under Rule 1.6 "); *see also* Connecticut Bar Ass'n Eth. Op 99-38 (absent a waiver, subpoenaed lawyer must invoke the attorney-client privilege if asked to testify regarding inconsistencies between former client's court testimony and former client's communications with lawyer and previous lawyer), 1999 WL 33115188; Maryland State Bar Ass'n Committee on Eth. Op. 2004-17 (2004) (if subpoenaed lawyer's client was "estate," lawyer permitted to turn over documents to successor personal representative and may reveal information; if representation included the former personal representative in both his fiduciary and in his individual capacity, lawyer is subject to constraints of Rule 1 6(a)); Rhode Island Sup. Ct. Eth. Adv. Panel Op. No 98-02 (1998) (lawyer who received notice of deposition and subpoena must not disclose information relating to representation of former client); South Carolina Bar Eth. Adv Committee Adv. Op. 98-30 (1998) (in response to third party's request for affidavits and/or depositions, lawyer must assert attorney-client privilege and may only disclose such information by order of court); Utah State Bar Eth. Advisory Op. Committee Op 05-01, 2005 WL 5302775 (2005) (absent court order requiring lawyer's testimony, and notwithstanding subpoena served on lawyer by prosecution, lawyer may not divulge any attorney-client information, either to prosecution or in open court)

[9] *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 80(1)(b) & cmt. c (2000) ("A client who contends that a lawyer's assistance was defective waives the privilege with respect to communications relevant to that contention. Waiver affords to interested parties fair opportunity to establish the facts underlying the claim.")

[10] *Cf.* Clock v. United States, No. 09-cv-379-JD, slip op. (D.N.H. 2010). In *Clock*, at the prosecution's request, the defendant signed a form explicitly waiving the attorney-client privilege with respect to the issues in her post-conviction petition in order to authorize her trial lawyer to answer questions regarding her ineffective assistance of counsel claim. Based on her office's institutional policy, trial counsel nonetheless declined to respond to the prosecution's questions unless ordered to do so by the court. Based on the defendant's

Case 1:21-cr-00760-CM Document 58-2 Filed 06/26/23 Page 3 of 5
Case 1:21-cr-00760-CM Document 59 Filed 07/13/23 Page 7 of 9

10-456 Formal Opinion                                                                                    3

extent the court requires but not agree that the former lawyer voluntarily may disclose the same client confidences to the opposite party prior to the proceeding.

Where the former client does not give informed consent to out-of-court disclosures, the trial lawyer who allegedly provided ineffective representation might seek to justify cooperating with the prosecutor based on the "self-defense exception" of Rule 1.6(b)(5),[11] which provides that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary ... to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client." The self-defense exception grows out of agency law and rests on considerations of fairness.[12] Rule 1.6(b)(5) corresponds to a similar exception to the attorney-client privilege that permits the disclosure of privileged communications insofar as necessary to the lawyer's self-defense.[13]

The self-defense exception applies in various contexts, including when and to the extent reasonably necessary to defend against a criminal, civil or disciplinary claim against the lawyer. The rule allows the lawyer, to the extent reasonably necessary, to make disclosures to a third party who credibly threatens to bring such a claim against the lawyer in order to persuade the third party that there is no basis for doing so.[14] For example, the lawyer may disclose information relating to the representation insofar as necessary to dissuade a prosecuting, regulatory or disciplinary authority from initiating proceedings against the lawyer or others in the lawyer's firm, and need not wait until charges or claims are filed before invoking the self-defense exception.[15] Although the scope of the exception has expanded over time,[16] the exception is a limited one, because it is contrary to the fundamental premise that client-lawyer confidentiality ensures client trust and encourages the full and frank disclosure necessary to an effective representation.[17] Consequently, it has been said that "[a] lawyer may act in self-defense under [the exception] only to defend against charges that *imminently* threaten the lawyer or the lawyer's associate or agent with *serious* consequences ...."[18]

When a former client calls the lawyer's representation into question by making an ineffective assistance of counsel claim, the first two clauses of Rule 1.6(b) (5) do not apply. The lawyer may not respond in order "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer

---

explicit waiver, the court ordered trial counsel to submit an affidavit limited to the issues in the defendant's petition. *Id* at *2.

[11] Although the confidentiality duty is subject to other exceptions, none of the other exceptions seems applicable to this situation.

[12] *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 64 cmt. b ("in the absence of the exception . ., lawyers accused of wrongdoing would be left defenseless against false charges in a way unlike that confronting any other occupational group").

[13] *See* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 83.

[14] Rule 1 6 cmt. 10 ("The rule] does not require the lawyer to await the commencement of an action or proceeding that charges such complicity, so that the defense may be established by responding directly to a third party who has made such an assertion."). Cases addressing the self-defense exception to the attorney-client privilege are to the same effect. *See, e.g.,* Meyerhofer v Empire Fire & Marine Ins Co., 497 F.2d 1190 (2d Cir.), *cert denied*, 419 U.S. 998 (1974) (lawyer named as defendant in class action brought by purchasers of securities who claimed that prospectus contained misrepresentations had right to make appropriate disclosure to lawyers representing stockholders as to his role in public offering of securities).

[15] *See, e g.,* First Fed Sav & Loan Ass'n v Oppenheim, Appel, Dixon & Co , 110 F.R.D. 557 (S D N.Y. 1986) (self-defense exception to attorney-client privilege permits lawyer who is being sued for misconduct in securities matter to disclose in discovery documents within attorney-client privilege if lawyer's interest in disclosure outweighs interest of client in maintaining confidentiality of communications, and if disclosure will serve truth-finding function of litigation process); Association of the Bar of the City of New York Committee on Prof'l and Jud Eth. Op. 1986-7, 1986 WL 293096 (1986) (lawyer need not resist disclosure until formally accused because of cost and other burdens of defending against formal charge and damage to reputation); Pennsylvania Bar Association Committee on Legal Eth. and Prof'l Resp Eth. Op. 96-48, 1996 WL 928143 (1996) (lawyer charged by former clients with malpractice in their defense in SEC is permitted to speak to SEC lawyers and reveal information concerning the representation as he reasonably believes necessary to respond to allegations); South Carolina Bar Eth Adv. Committee Adv. Op. 94-23, 1994 WL 928298, (1994) (lawyer under investigation by Social Security Administration for possible misconduct in connection with his client may reveal confidential information as may be necessary to respond to or defend against allegations; no grievance proceeding pending anywhere else against lawyer).

[16] Disciplinary Rule 4-101(C)(4) of the predecessor ABA Model Code of Professional Responsibility (1980) provided "A lawyer may reveal . [c]onfidences or secrets necessary to establish or collect his fee or to defend himself or his employees or associates against an accusation of wrongful conduct," but did not expressly authorize the disclosure of confidences to establish a claim on behalf of a lawyer other than for legal fees.

[17] Rule 1 6 cmt. 2. Commentators have maintained that the exception should be narrowly construed, both because the justifications for the exception are weak, *see* CHARLES W. WOLFRAM, MODERN LEGAL ETHICS 308 (1986), and because there are strong policy considerations that disfavor the exception, including that it is subject to abuse, frustrates the policy of encouraging candor by clients, and undermines public confidence in the legal profession because it appears inequitable and self-serving. *See* Henry D. Levine, *Self-Interest or Self-Defense. Lawyer Disregard of the Attorney-Client Privilege for Profit and Protection*, 5 HOFSTRA L. REV 783, 810-11 (1977)

[18] RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 64 cmt. c (emphasis added).

Case 1:21-cr-00760-CM Document 58-2 Filed 06/26/23 Page 4 of 5
Case 1:21-cr-00760-CM Document 59 Filed 07/13/23 Page 8 of 9

10-456 Formal Opinion                                                                                    4

and the client," because the legal controversy is not between the client and the lawyer.[19] Nor is disclosure justified "to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved," because the defendant's motion or habeas corpus petition is not a criminal charge or civil claim against which the lawyer must defend.

The more difficult question is whether, in the context of an ineffective assistance of counsel claim, the lawyer may reveal information relating to the representation "to respond to allegations in any proceeding concerning the lawyer's representation of the client." This provision enables lawyers to defend themselves and their associates as reasonably necessary against allegations of misconduct in proceedings that are comparable to those involving criminal or civil claims against a lawyer. For example, lawyers may disclose otherwise protected information to defend against disciplinary proceedings or sanctions and disqualification motions in litigation. On its face, the provision also might be read to apply to a proceeding brought to set aside a criminal conviction based on a lawyer's alleged ineffective assistance of counsel, because the proceeding includes an allegation concerning the lawyer's representation of the client to which the lawyer might wish to respond.[20]

Under Rule 1.6(b)(5), however, a lawyer may respond to allegations only insofar as the lawyer reasonably believes it is *necessary* to do so.[21] It is not enough that the lawyer genuinely believes the particular disclosure is necessary; the lawyer's belief must be objectively reasonable.[22] The Comment explaining Rule 1.6(b)(5) cautions lawyers to take steps to limit "access to the information to the tribunal or other persons having a need to know it" and to seek "appropriate protective orders or other arrangements ... to the fullest extent practicable."[23] Judicial decisions addressing the necessity for disclosure under the self-defense exception to the attorney-client privilege recognize that when there is a legitimate need for the lawyer to present a defense, the lawyer may not disclose all information relating to the representation, but only particular information that reasonably must be disclosed to avoid adverse legal consequences.[24] These limitations are equally applicable to Rule 1.6(b)(5).[25]

Permitting disclosure of client confidential information outside court-supervised proceedings

---

[19] *See* Utah State Bar Eth Adv. Op. Committee Eth. Op 05-01, 2005 WL 5302775, at *6 (criminal defense lawyer may not voluntarily disclose client confidences to prosecutor or in court in response to defendant's claim that lawyer's prior advice was confusing; court stated, "[w]hile an arguable case might be made for disclosure under this exception, it .. is fraught with problems The primary problem is that the 'controversy' is not between lawyer and client, except quite tangentially. While there may well be a dispute over the facts between lawyer and client, there is no 'controversy' between them in the sense contemplated by the rule. Nor is there a criminal or civil action against the lawyer."). *But see* Arizona State Bar Op 93-02 (1993), *available at* http://www.myazbar org/Ethics/opinionview.cfm?id=652 (interpreting "controversy" to include a disagreement in the public media).

[20] *Cf* State v. Madigan, 68 N.W. 179, 180 (Minn. 1896) (lawyer accused of inadequate criminal defense representation may submit affidavit containing attorney-client privileged information to disprove such charge)

[21] *See* Rule 1 6(b)(5) (allowing disclosure only "to the extent the lawyer reasonably believes necessary"); Rule 1 6 cmts. 10 & 14

[22] *See* Rule 1 0(i) ("'Reasonable belief' or 'reasonably believes' when used in reference to a lawyer denotes that the lawyer believes the matter in question and that the circumstances are such that the belief is reasonable.")

[23] Rule 1 6 cmt. 14 Similar restrictions have been held applicable to the related context in which a lawyer seeks to disclose confidences to collect a fee. *See, e.g*, ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 250 (1943), in OPINIONS OF THE COMMITTEE ON PROFESSIONAL ETHICS ANNOTATED 555, 556 (American Bar Foundation 1967) ("where a lawyer does resort to a suit to enforce payment of fees which involves a disclosure, he should carefully avoid any disclosure not clearly necessary to obtaining or defending his rights").

[24] For example, in In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec Litig., 120 F R.D. 687, 692 (C.D. Cal. 1988), the district court "reject[ed] the suggestion made by some parties that 'selective' disclosure should not be allowed, that if the exception is permitted to be invoked, all attorney-client communications should be disclosed," finding that this suggestion was "directly contrary to the reasonable necessity standard " *Accord* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 83 cmt e ("The lawyer's invocation of the exception must be appropriate to the lawyer's need in the proceeding The exception should not be extended to communications that are of dubious relevance or merely cumulative of other evidence "); *cf.* Dixon v State Bar, 653 P 2d 321, 325 (Cal. 1982) (lawyer sanctioned for gratuitous disclosure of confidence in response to former client's motion to enjoin lawyer from harassing her); Levin v. Ripple Twist Mills, Inc., 416 F Supp. 876, 886-87 (E.D Pa. 1976) ("In almost any case when an attorney and a former client are adversaries in the courtroom, there will be a credibility contest between them. This does not entitle the attorney to rummage through every file he has on that particular client (regardless of its relatedness to the subject matter of the present case) and to publicize any confidential communication he comes across which may tend to impeach his former client. At the very least, the word 'necessary' in the disciplinary rule requires that the probative value of the disclosed material be great enough to outweigh the potential damage the disclosure will cause to the client and to the legal profession.").

[25] Courts further recognize that disclosures may be made to defend against a non-client's accusation of misconduct only if the accusation is credible enough to put the lawyer at some risk of adverse consequences, such as a criminal indictment or a civil lawsuit; third parties otherwise would have an incentive to raise utterly meritless claims of lawyer misconduct to gain access to confidential information. *Cf.* SEC v. Forma, 117 F.R D. 516, 519-525 (S.D.N.Y 1987) (formal charges need not be issued in order for the self defense exception to apply), First Fed Sav. & Loan Ass'n v. Oppenheim, Appel, Dixon & Co., 110 F.R.D. 557, 566 n.15 (S.D N.Y 1986) (former auditor's evidence against lawyer must "pass muster under Fed. R. Civ. P 11").

Case 1:21-cr-00760-CM Document 58-2 Filed 06/26/23 Page 5 of 5
Case 1:21-cr-00760-CM Document 59 Filed 07/13/23 Page 9 of 9

10-456 Formal Opinion                                                                                            5

undermines important interests protected by the confidentiality rule. Because the extent of trial counsel's disclosure to the prosecution would be unsupervised by the court, there would be a risk that trial counsel would disclose information that could not ultimately be disclosed in the adjudicative proceeding.[26] Disclosure of such information might prejudice the defendant in the event of a retrial.[27] Further, allowing criminal defense lawyers voluntarily to assist law enforcement authorities by providing them with protected client information might potentially chill some future defendants from fully confiding in their lawyers.

Against this background, it is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable. It will be rare to confront circumstances where trial counsel can reasonably believe that such prior, ex parte disclosure, is necessary to respond to the allegations against the lawyer. A lawyer may be concerned that without an appropriate factual presentation to the government as it prepares for trial, the presentation to the court may be inadequate and result in a finding in the defendant's favor. Such a finding may impair the lawyer's reputation or have other adverse, collateral consequences for the lawyer. This concern can almost always be addressed by disclosing relevant client information in a setting subject to judicial supervision. As noted above, many ineffective assistance of counsel claims are dismissed on legal grounds well before the trial lawyer would be called to testify, in which case the lawyer's self-defense interests are served without the need ever to disclose protected information.[28] If the lawyer's evidence is required, the lawyer can provide evidence fully, subject to judicial determinations of relevance and privilege that provide a check on the lawyer disclosing more than is necessary to resolve the defendant's claim. In the generation since *Strickland*, the normal practice has been that trial lawyers do not disclose client confidences to the prosecution outside of court-supervised proceedings. There is no published evidence establishing that court resolutions have been prejudiced when the prosecution has not received counsel's information outside the proceeding. Thus, it will be extremely difficult for defense counsel to conclude that there is a reasonable need in self-defense to disclose client confidences to the prosecutor outside any court-supervised setting.[29]

---

[26] *Cf.* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 64 cmt. e (before making disclosures under the self-defense exception, a lawyer ordinarily must give notice to former client).

[27] Some courts preclude the prosecution from introducing the trial lawyer's statements in a later trial, *see, e.g.*, Bittaker v. Woodford, 331 F.3d 715 (9th Cir.), *cert. denied*, 540 U S 1013 (2003) (waiver of privilege for purposes of habeas claim does not necessarily mean extinguishment of the privilege for all time and in all circumstances), but not all courts have done so *See, e g.*, Fears v. Warden, 2003 WL 23770605 (S.D Ohio 2003) (scope of habeas petitioner's waiver of privilege not waived for all time and all purposes including possible retrial).

[28] *See, e.g.*, Utah State Bar Eth. Advisory Op Committee Op. 05-01, *supra* notes 8 & 19 (where criminal defense lawyer's former client moved to set aside his guilty plea on ground that lawyer's advice about plea offer confused him, lawyer may not divulge attorney-client information to prosecutor to prevent a possible fraud on court or protect lawyer's reputation; lawyer must assert attorney-client privilege in hearing on former client's motion, and may testify only upon court order).

[29] *See* Rule 1.6 cmt. 14.

---

AMERICAN BAR ASSOCIATION STANDING COMMITTEE ON ETHICS AND PROFESSIONAL RESPONSIBILITY
321 N. Clark Street, Chicago, Illinois 60654-4714 Telephone (312)988-5300
CHAIR: Robert Mundheim, New York, NY ■ Robert A. Creamer, Evanston, IL ■ Terrence M. Franklin, Los Angeles, CA ■ Paula J. Frederick, Atlanta, GA ■ Bruce A. Green, New York, NY ■ James M. McCauley, Richmond, VA ■ Susan R. Martyn, Toledo, OH ■ Mary Robinson, Downers Grove, IL ■ Philip H. Schaeffer, New York, NY ■ E. Norman Veasey, Wilmington, DE
CENTER FOR PROFESSIONAL RESPONSIBILITY: George A. Kuhlman, Ethics Counsel; Eileen B. Libby, Associate Ethics Counsel ©2010 by the American Bar Association. All rights reserved.