UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

              -against-

PUNEET DIKSHIT,

              Defendant.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/21/23
```

21 Cr. 760 (CM)

## DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

On December 15, 2021, Puneet Dikshit pleaded guilty to securities fraud, in violation of (i) 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C. § 2, and (ii) 18 U.S.C. §§ 1348 and 2.[1] On April 6, 2022, the Court sentenced Dikshit to 24 months' incarceration with no supervised release to follow. The court declined to impose a term of supervised release since Dikshit—a noncitizen—would almost certainly be deported immediately after serving his sentence. The Court stated at sentencing that Dikshit was receiving a shorter sentence as a result of the fact that he would not be released early from his term of incarceration due to his citizenship status.

Before the Court is Dikshit's *pro se* motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 66). Dikshit is using the compassionate release statute in an effort to obtain credits under the Bureau of Prisons' First Step Act's Federal Time Credits, which would permit an earlier release from Bureau of Prisons custody but for the fact that no term of supervised release was imposed as

---

[1] A reader unfamiliar with Dikshit's brazen criminal conduct in this matter is referred to the Court's recent decision denying his motion to vacate his conviction. (*See* ECF 65 at 2-3).

1

part of his sentence. Dikshit asks the Court to add a term of supervised release to his sentence so that such credits could be ultimately granted by the BOP.

For the reasons set forth below, Dikshit's motion is denied

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[2] In the past, this Court—and many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13 (the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. § 3582(c)(1)(A)(i)), for guidance on what constituted "extraordinary and compelling

---

[2] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g., United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

circumstances." That changed on September 25, 2020, when the United States Court of Appeals for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in the district court. *United States v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13 addressed only sentencing reduction motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second Circuit declared unequivocally that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What *Brooker* did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

### Dikshit Has Not Exhausted his Administrative Remedies in the Bureau of Prisons

Dikshit presents no evidence that he has fully exhausted his administrative remedies at the BOP, a necessary precursor to filing the instant motion. 18 U.S.C. § 3582(c)(1)(A). For that reason alone, his motion fails.

Dikshit's Motion is Denied on the Merits

Even if Dikshit had exhausted his administrative remedies with the BOP, the Court would deny his motion on the merits.

Under the First Step Act, an eligible inmate in BOP custody who successfully participates in Evidence-Based Recidivism Reduction ("EBRR") Programs or Productive Activities ("PAs"), recommended based on the inmate's risk and needs assessment, will earn time credits to be applied toward transfer to prerelease custody (i.e., transfer to a residential reentry center ("RRC") or home confinement) or supervised release. *See* 18 U.S.C. § 3632(d)(4)(C). Inmates who are at minimum or low risk of recidivating are eligible to earn either 10 or 15 days of credit for every 30 days of successful participation in EBRR Programs or PAs. 18 U.S.C. § 3632(d)(4)(A).

However, the BOP cannot apply any FSA credits earned by a defendant toward early transfer to supervision when, *inter alia*, his sentence does not include a term of supervised release. Under Section 3624(g)(3), the BOP Director may apply an inmate's FSA time credits such that the inmate begins supervised release up to 12 months earlier than he otherwise would only **"if the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583."** 18 U.S.C. § 3624(g)(3) (emphasis added).

This court has no intention of imposing a term of supervised release on Dikshit so that he can get good time credits and get out of jail earlier. I quite deliberately did not impose a term of supervised release on Dikshit. Knowing that Dikshit would not be able to get out of jail prior to the expiration of his sentenced term of incarceration explains why he got a jail sentence of just two years, not the longer jail sentence that he richly deserved. (*See* Sentencing Transcript at 18- 21). Dikshit has not demonstrated any extraordinary or compelling circumstance that is the

4

touchstone of a motion for compassionate release; he has not even demonstrated that he is subject to the First Step Act (and because he was not sentenced to a term of supervised release, he is not). I absolutely decline to exercise any power I might otherwise have to shorten Dikshit's sentence of incarceration, or to render him arguably[3] subject to the First Step Act. Mr. Dikshit should serve his full two years– after which, I trust, he will be deported. And, in the unlikely event that Dikshit is not deported immediately after serving his sentence (and the court continues to believe that he will be deported), he will have the good fortune not to be burdened with complying the strictures of supervised release. He should be grateful for small favors.

The motion is denied.

Dated: December 21, 2023

*[signature]*

District Court Judge

---

[3] The Government and Dikshit disagree about whether he is ineligible for good time credit as an alien "subject to" an order of deportation. There is no need for the court to address this interesting semantic argument. Dikshit is not entitled to good time credit whether or not he is "subject to" an order of deportation, and this court has no intention of changing that.

5